IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN HUEY,<br><br>      Plaintiff,<br><br>v.<br><br>INTERIDE TRANSPORT LC, an organization, KARL ROBINSON TRUCKING, an organization, and ROES I-X,<br><br>      Defendants. | **JUDGMENT AND MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00782-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff John Huey's Amended Motion for Default Judgment against Defendants Interide Transport LC and Karl Robinson Trucking.[1] For the reasons stated below, the Amended Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Huey brought this action in November 2020, asserting Defendants discriminated against him during the period of his employment for them as a truck driver by refusing to provide him with reasonable accommodations, in violation of Title I of the Americans with Disabilities Act[2] (ADA).[3] Defendants failed to enter an appearance in this case despite being properly served with summonses and the Amended Complaint.[4] Thereafter, Huey moved for an entry of default against Defendants.[5] The court granted that motion,[6] and the clerk entered default against

---

[1] Dkt. 31.

[2] *See generally* 42 U.S.C. § 12101 *et seq.*

[3] *See generally* Dkt. 4 (Amended Complaint).

[4] *See* Dkt. 9; Dkt. 10; Dkt. 13; Dkt. 14 (Returns of Service).

[5] Dkt. 20 (Motion for Entry of Default).

[6] Dkt. 24 (Order Granting Motion for Entry of Default).

1

Defendants September 9, 2021.[7] On October 11, 2021, Huey filed a motion seeking default judgment.[8] The court denied that Motion without prejudice on January 11, 2022, due to Huey's failure to describe the damages sought with sufficient specificity, as required by Federal Rule of Civil Procedure 55(b)(2).[9] In the Order denying without prejudice Huey's Motion for Default Judgment, the court gave Huey leave to refile a motion that complies with Rule 55(b)(2) within fourteen days, if he chose to do so.[10] The court subsequently granted an extension,[11] and Huey filed his Amended Motion on February 21, 2022.[12]

## ANALYSIS

I. **The Undersigned, Rather than the Clerk of Court, Must Decide Huey's Amended Motion for Default Judgment**

As a threshold issue, the court must explain why it is considering this Motion for Default Judgment when, on its face, Huey's Amended Motion seeks default judgment from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(b)(1).[13] Under that rule, the Clerk is authorized to enter judgment on claims only when the plaintiff is seeking "a sum certain or a sum that can be made certain by computation."[14] "In all other cases, the party must apply to the court for a default judgment."[15] In the Amended Motion, Huey seeks not only damages, but also declaratory and injunctive relief,[16] which is not "a sum certain or a sum that can be made certain

---

[7] Dkt. 25 (Default Certificate).

[8] Dkt. 26 (Motion for Default Judgment).

[9] Dkt. 27 (Order Denying Without Prejudice Plaintiff's Motion for Default Judgment).

[10] *Id.* at 2.

[11] Dkt. 30 (Order Granting Plaintiff's Motion for Extension).

[12] Dkt. 31.

[13] *Id.* at 1.

[14] *See* Fed. R. Civ. P. 55(b)(1); *see also* Local Rule DUCivR 55-1(b)(1).

[15] Fed. R. Civ. P. 55(b)(2).

[16] Dkt. 31, Ex. 1 (Amended Memorandum in Support of Motion for Default Judgment), at 36, 42–43.

2

by computation." Therefore, under Rule 55(b), the obligation falls to the court in this case, rather than the clerk, to consider the Amended Motion and enter the requested default judgment, if warranted.

Furthermore, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[17] In other words, Rule 54(c) "limits a plaintiff's award on default to the . . . relief requested in the complaint."[18]

### II. As Some of the Relief Huey Seeks in His Amended Motion Differs in Kind from that Sought in the Amended Complaint, the Amended Motion is Granted in Part and Denied in Part

In the Amended Motion, Huey requests five forms of relief: (1) $1,042 in damages, consisting of lost wages from when he was not paid for a particular trucking trip, various expenses relating to that trip, and costs relating to his travel home;[19] (2) "a declaratory judgment that Defendants' conduct violated and continues to violate the ADA";[20] (3) that Defendants "be enjoined and restrained from violating Title I of the Americans with Disabilities Act";[21] (4) that Defendants be "enjoined to provide American Sign Language interpreters to all applicants and employees as provided in the proposed Final Judgment filed contemporaneously with [the Amended] Motion";[22] and (5) attorneys' fees and costs.[23]

---

[17] Fed. R. Civ. P. 54(c).

[18] *Stafford v. Jankowski*, 338 F. Supp. 2d 1225, 1228 (D. Kan. 2004).

[19] Dkt. 31, Ex. 1 at 9, 37, 41; Dkt. 31-3 (Plaintiff's Declaration in Support of Motion for Amended Default Judgment and Damages) at 4–6.

[20] Dkt. 31, Ex. 1 at 10, 36.

[21] *Id.* at 9–10, 42–43.

[22] *Id.* at 9–10, 43.

[23] *Id.* at 36–41.

As noted above, the relief granted to a party in a default judgment "may not differ in kind" from what was sought in the pleadings. In the Amended Complaint, Huey sought the following relief:

> (a) A declaration that Defendant(s)'s policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title I of the Americans with Disabilities Act;
> (b) A declaration that the Defendant(s) . . . engaged in professional negligence by breaching the duty owed to the Plaintiff by failing to provide effective communications for an employee who is deaf or hearing impaired seeking to share his safety concerns regarding his truck;
> (c) Compensatory damages;
> (d) Equitable relief;
> (e) Punitive damages;
> (f) Reasonable attorneys' fees and costs;
> (g) All other necessary and appropriate relief at law and equity deemed appropriate by the Court.[24]

On balance, Huey's requested relief in the Amended Motion appears to differ significantly from the relief articulated in the Amended Complaint. The court will thus address individually each type of relief requested in the Amended Motion to determine whether it may be included in a default judgment against Defendants.

Turning first to Huey's request for compensatory damages, that request is tethered to relief he sought in the Amended Complaint. He unambiguously requested compensatory damages in the Amended Complaint, and the particular amount he seeks in the Amended Motion is supported by both an affidavit from Huey himself, filed as an attachment to the Amended Motion,[25] and an exhibit that was attached to the Amended Complaint.[26] Huey is entitled to judgment awarding $1,042 in compensatory damages.

---

[24] Dkt. 4 (Amended Complaint) at 21–22.

[25] *See* Dkt. 31-3 at 4–6.

[26] Dkt. 4-1, Ex. 12 (exhibits relating to lost wages and expenses incurred by Huey).

Next, Huey seeks a "a declaratory judgment that Defendants' conduct violated *and continues to violate* the ADA."[27]  But in the Amended Complaint Huey sought only a declaration that Defendants violated Title I of the ADA in the past, not a declaration that violations are ongoing.[28]  Further, there are no factual allegations in Huey's Amended Complaint or the Amended Motion that would support a declaration that Defendants' alleged ADA violations are in any way ongoing.  Accordingly, Huey is entitled to a declaratory judgment recognizing only Defendants' past violations of Title I of the ADA; any declaration beyond that would go outside what was requested in the pleadings, in violation of Rule 54.

Huey's third and fourth requests for relief in the Amended Motion are both forms of injunctive relief.  Neither injunction was set forth in the Amended Complaint.  Indeed, Huey has not previously sought injunctive relief in any pleading.  Although the prayer for relief in the Amended Complaint does include vague references to "[e]quitable relief" and "[a]ll other necessary and appropriate relief at law and equity deemed appropriate by the court,"[29] these statements are not sufficiently detailed to support the specific and far-reaching injunctions Huey seeks in the Amended Motion.  Thus, enjoining Defendants as requested in the Amended Motion would violate Rule 54.  Accordingly, Huey is not entitled to either of his requested injunctions.

Finally, Huey seeks recovery of costs and attorneys' fees.[30]  The ADA authorizes the award of reasonable attorneys' fees and litigation costs to the prevailing party in an action

---

[27] Dkt. 31, Ex. 1 at 10, 36 (emphasis added).

[28] As set out above, Huey also sought in the Amended Complaint a declaratory judgment stating that Defendants "engaged in professional negligence." *See* Dkt. 4 at 21–22.  But because nothing relating to this basis for declaratory relief is asserted in the Amended Motion, the court will not address it further.

[29] *See* Dkt. 4 at 22.

[30] The court notes the language regarding attorneys' fees in the Amended Motion is inconsistent.  At one point, the Motion states, "Counsel . . . will timely file the appropriate Motion for Attorney Fees after the Court issues a Default Judgment against the Defendants." Dkt. 31, Ex. 1, at 36–37.  Yet the Motion also includes an extensive analysis on the amount of attorneys' fees sought and whether that amount is reasonable, *see id.* 9, 37–41, and concludes by

brought under the Act.[31]  Huey requests $19,000 in attorneys' fees, based on 76 hours counsel spent working on this matter, at his regular hourly rate of $250.[32]  Huey asserts this rate is "reasonable based on the market value of similar services" in the area,[33] and is also in line with lodestar rates upheld in similar cases.[34]  Based on the issues involved in this case and the supporting documentation attached to the Amended Motion evidencing the time Huey's counsel spent on the case,[35] the court finds the fee request reasonable.  As to costs, Huey requests reimbursement of $733.80 for expenses relating to service of process, legal research, paralegal services, and postage.[36]  Huey has likewise supported his costs request with sufficient documentation, and therefore the court finds reimbursement of these litigation costs reasonable.

For the foregoing reasons, the court GRANTS Huey's request for compensatory damages, GRANTS IN PART Huey's request for declaratory relief, DENIES WITH PREJUDICE Huey's requests for injunctive relief, and GRANTS Huey's fees and costs requests.

## JUDGMENT

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants violated Title I of the Americans with Disabilities Act by discriminating against Huey during the course of his regular employment as a truck driver for them by refusing to provide him with reasonable accommodations.

---

stating "Plaintiff respectfully requests attorneys' fees," *id.* at 41.  Accordingly, the court construes the Amended Motion to present a request for attorneys' fees, despite the single sentence discussing a separate motion.

[31] 42 U.S.C. § 12205.

[32] Dkt. 31-2 (Affidavit of Plaintiff's Attorney Fees in Support of Motion for Default Judgment), at 1–2.

[33] Dkt. 31, Ex. 1, at 44.

[34] *Id.* at 37–39.

[35] *See* Dkt. 31-2 at 6–8.

[36] Dkt. 31, Ex. 1, at 40; *see* Dkt. 31-2 at 9.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that compensatory damages are awarded against Defendants, in favor of Huey, in the amount of $1,042.00. Defendants are jointly and severally liable for this amount.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff is entitled to $19,733.80 in attorneys' fees and costs, and Defendants are jointly and severally liable for this amount.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

SO ORDERED this 18th day of April, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge